MANUEL PINEDA V. THE STATE.

No. 7090.   Decided June 23, 1922.

Rehearing Denied October 18, 1922.

**Sale of Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of the sale of intoxicating liquor, the evidence is sufficient to support the conviction, the same is sustained, and there is no reversible error.

Appeal from the District Court of Jones.   Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of the sale of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful sale of intoxicating liquor with a punishment of one year confinement in the penitentiary.

No bills of exception appear in the record, and the only question submitted for our consideration is whether the evidence supports the conviction.

The indictment alleges a sale of intoxicating liquor to John Perrin, who testified that he was 17 years of age; that he purchased some whisky from appellant; that Parrish White was present with him at the time and helped him drink the whisky.   The amount paid for it was $1.50 and the whisky delivered was in a water glass.   It was white whiskey and the witness testified it tasted like it was pretty good whisky.   Upon being asked on cross-examination as to whether it was whisky the witness answered that it tasted like it, that it did not make him drunk and that he did not feel the effect of it and he did not really know whether it was whisky or not.   The witness Parrish White testified that he was present at the time John Perrin bought the whisky and helped him drink it; that it was white whisky and pretty good "stuff."   He drank about half of it.   It did not make him drunk, but he said he knew it was whisky, and that he was accustomed to drinking.   Appellant denied *in toto* the transaction testified to by Perrin and White.   The other witnesses introduced by appellant threw no light upon the transaction, but testify only to negative matters.   They had searched appellant's place of

business and failed to find any whisky there, but it is disclosed that at the time the search was made appellant had been notified in advance that it was going to be done.

We are unable to agree with appellant's contention that the evidence does not support the verdict. The testimony of both the State's witnesses show positively the purchase of whisky from appellant, and while one of them on cross-examination rather weakened in his testimony, the other was positive that the article purchased was whisky of a good quality, and gave his reason for knowing this was true by the fact that he was accustomed to drinking. Appellant's contention appears to be that because the liquor failed to intoxicate the verdict should not stand. This is not sound. If so, the seller's guilt would depend on the resistant power of the purchaser.

The judgment of the trial court is affirmed.

*Affirmed.*